NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 28 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30305 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00027-RRB-1 |
| v. | |
| SENECA LOYAL NEAL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted August 15, 2018
Anchorage, Alaska

Before: HAWKINS, McKEOWN, and OWENS, Circuit Judges.

Seneca Loyal Neal appeals from his jury conviction for conspiracy to possess heroin with intent to distribute, 21 U.S.C. § 846, and for distributing and possessing heroin with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1). As the parties are familiar with the facts, we do not recount them here. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The district court properly denied Neal's motion to suppress evidence from the GPS tracker placed on Neal's vehicle. There was probable cause for the GPS tracking warrant based on the informant's tip and under the totality of the circumstances. *See United States v. Bishop*, 264 F.3d 919, 924 (9th Cir. 2001) ("When a search warrant is based solely on an informant's tip, the proper analysis is whether probable cause exists from the totality of the circumstances to determine a sufficient level of reliability and basis of knowledge for the tip.").

The district court also properly denied Neal's motion to suppress evidence from the search of unit #3 at 5402 Arctic Boulevard. Assuming that the officers' entry into the common hallway of the apartment building was unlawful, there was still probable cause for the subsequent search warrant for unit #3 after the tainted evidence was excised. Even if the officers had not observed Neal exit unit #3, routine police procedures would have inevitably revealed Neal's connection to unit #3 based on information from the property manager and Neal's neighbors. *See United States v. Ramirez-Sandoval*, 872 F.2d 1392, 1399 (9th Cir. 1989) (stating that if "by following routine procedures, the police would inevitably have uncovered the evidence," then the evidence will not be suppressed despite a constitutional violation).

Neal argues for the first time on appeal that his initial contact with the officers in the common hallway was (1) unlawful because it amounted to an arrest

without a warrant inside his home; and (2) a custodial interrogation not preceded by *Miranda* warnings.[1] As a result, Neal contends that evidence obtained from this initial contact (a body recording and a seized cell phone) should have been excluded at trial because they were "tainted fruit." However, the district court did not plainly err by admitting this evidence because Neal has not shown that it was "clear" or "obvious" that his initial contact with the officers in the common hallway amounted to an "arrest" or a custodial interrogation requiring *Miranda* warnings. *United States v. Liew*, 856 F.3d 585, 596 (9th Cir. 2017) (setting forth plain error standard of review). Further, Neal has not shown that his substantial rights were affected by the admission of the body recording and the cell phone. *See id*.

Contrary to Neal's contention, the government has sufficiently shown that it timely disclosed the body recording to Neal's counsel. Therefore, we decline Neal's request to remand for an evidentiary hearing.

**AFFIRMED**.

---

[1] We reject Neal's contention that he preserved these issues by raising them in the district court. We also reject the government's contention that Neal waived these issues by acquiescing to the admission of the body recording at trial.